Hofford *v.* Roth, Appellant.

Argued April 12, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*James C. Lanshe,* for appellant.

*George A. Shutack,* with him *Carl A. Niehoff,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 24, 1948:

This was a bill for a decree striking off the satisfaction of a mortgage and restitution of $2,500 paid in the purported settlement of a claim.

There are two questions: whether the evidence supports a finding that a purchase money mortgage, satisfied of record, had not been paid and whether a $2,500 payment in cash made by the plaintiff to defendant had been procured through fraud and duress.

Plaintiff, Cora L. Hofford, a resident of the Borough of Lehighton, Carbon County, Pennsylvania, was the owner of real estate in Carbon County. On June 17, 1943, she conveyed the real estate to defendant, Helen H. Roth, for $20,000, receiving in payment a certified check for $4,000 and a purchase money mortgage for $16,000 payable within ten years. On the evening of September 3, 1945, defendant called at the home of plaintiff and complained that she had heard rumors that plaintiff intended to foreclose the mortgage which caused injury to defendant's health and a loss in her business. Defend-

ant informed plaintiff that she had consulted an attorney who advised that she could sue plaintiff and recover over $50,000 damages and that everything plaintiff owned would be taken away from her. She also threatened to expose plaintiff's improper handling of her deceased father's estate, as well as incidents relating to an automobile accident and litigation in which plaintiff had been involved. Three days later, on September 6, 1945, defendant called plaintiff on the telephone and informed plaintiff of her intention to institute suit. Defendant told plaintiff that if she wished to make an agreement with defendant she should come out to defendant's home. Plaintiff went to the home of defendant and asked what she wanted plaintiff to do. Defendant told her that it was for her to determine how much she would pay defendant to prevent the suit from being filed. Plaintiff offered $5,000, but defendant required a satisfaction of the mortgage and payment to her of $10,000. Plaintiff thereupon agreed to satisfy the mortgage and give defendant $2,500 in cash and a check for $2,500 payable January 1, 1946. On the same afternoon defendant drove the plaintiff to the bank where she cashed a check for $2,500 and then took plaintiff to the county court house where plaintiff satisfied the mortgage. The plaintiff and defendant returned to plaintiff's home where the satisfied mortgage, $2,500 in cash and the check for $2,500 payable January 1, 1946, were handed to defendant. Defendant testified, in contradiction, that on the afternoon of September 6, 1945, at the home of plaintiff, after the satisfaction of the mortgage, she had handed plaintiff $16,000 in cash in bills of the denomination of $100. This plaintiff denied. The postdated check for $2,500 was returned to plaintiff by the defendant on September 13, 1945 and was torn up by plaintiff.

The Chancellor found as a fact that the defendant had *not* paid the principal of the mortgage and that its satisfaction, as well as the payment of $2,500, had been procured through fraud. He decreed that the satisfac-

tion of the mortgage be expunged from the record and that defendant repay plaintiff the $2,500. This appeal followed.

The only witnesses in this most extraordinary transaction, *involving payment of the mortgage money*, were the parties themselves. The testimony, considered as a whole, presents a purely *factual situation*. The credibility of the witnesses was for the Chancellor who tried the case: *Glenn v. Trees et al.*, 276 Pa. 165, 120 A. 109; *Belmont Laboratories, Inc., v. Heist et al.*, 300 Pa. 542, 151 A. 15; *Stern et al., Liquidating Trustees, v. Gorson*, 315 Pa. 315, 316, 172 A. 720; *Werle v. Werle*, 332 Pa. 49, 51, 1 A. 2d 244; *Glen Alden Coal Company v. Commissioners of Schuylkill County*, 345 Pa. 159, 169, 27 A. 2d 239. The Chancellor believed plaintiff's testimony and found that legal consideration had not been given for the satisfaction of the mortgage or for the payment of the $2,500. He disbelieved and discredited most of the testimony of the defendant. The findings of fact of the Chancellor, approved by the court in banc, are *amply* supported by the evidence and are binding on appeal. See: *Clair L. Schmoker v. Mary L. Schmoker*, 359 Pa. 272, and the cases cited therein.

Decree affirmed at cost of appellant.