Frederick, Admr., *v.* Southwick, Appellant.

Argued April 13, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*Louis Vaira*, with him *Paul N. Barna*, for appellant.

*Clarence O. Devore*, for appellee.

OPINION BY FINE, J., July 15, 1949:

John Frederick, appellee, administrator of the estate of James Frederick, filed a bill in equity against Emma C. Southwick, appellant, seeking (1) to cancel, as fraudulent, a deed from decedent to decedent and appellant as tenants by the entireties,[1] and, likewise, (2) to set aside, as fraudulent, the transfer of a savings account of decedent to decedent, James Frederick, and appellant, his reputed wife. The bill averred, *inter alia*, that the

---

[1] The deed recited that: "The purpose of this conveyance is to create and establish title by the entireties in the within named parties of the second part under the Provisions of the Act of Assembly of July 3rd, 1941, P. L. 273, with the Appurtenances."

grantees were not husband and wife; that their marriage on January 22, 1947, was fraudulent and void for the reason that appellant was previously married and not divorced from her husband [who was living at the time of hearing]. A responsive answer was filed denying the material averments of the bill and averring that appellant was a tenant in common with decedent. After hearing, the chancellor entered a decree nisi declaring the marriage void and concluding that the grantees were tenants in common of the real estate and jointly owned the savings account. Approximately three weeks before the adjudication of the trial judge was filed, the case of *Maxwell v. Saylor*, 359 Pa. 94, 58 A. 2d 355, was decided by our Supreme Court, but was not cited nor apparently considered by the lower court in its adjudication. The appellant filed exceptions *nunc pro tunc* averring that appellant was a joint tenant with right of survivorship [not a tenant in common as previously averred in her answer] and claimed, pursuant to that opinion, the entire estate. On those exceptions to the decree nisi the court en banc considered the *Maxwell* case, determined a tenancy in common was created, and entered a final decree. Emma C. Southwick has appealed, contending that the court below erred in failing to find that she and the decedent, James Frederick, held the property as joint tenants with the right of survivorship, and in refusing to therefore award her the entire estate.

The evidence reveals that decedent and appellant had known each other for several years; that shortly before January 22, 1947, they were informed by appellant's mother that Herman Southwick, appellant's husband, had died in the Dixmont Mental Hospital and that a doctor at the hospital allegedly so advised appellant's mother by telephone. Shortly thereafter, the decedent and appellant, relying upon this information, were ceremonially married in Youngstown, Ohio, after which they returned to Monongahela, Pennsylvania, and

lived as husband and wife until decedent's death. On February 10, 1947, decedent conveyed the real estate in question and on April 18, 1947, he transferred the savings account in the sum of $640.46 in the form and manner hereinbefore noted. Thereafter, on July 10, 1947, James Frederick died intestate leaving to survive him as his lawful heirs and next of kin six children. Sometime after decedent's death it was first discovered that the report of the death of Herman Southwick was erroneous; that he was alive and an inmate of the Dixmont Mental Hospital.

The findings of the court below that there was no evidence that the decedent was in any way deceived or defrauded by the appellant in the consummation of the marriage or the conveyance of the real or personal property into their joint names, are amply supported by the evidence. Such findings of fact, approved by the court en banc are binding on appeal. *Hofford v. Roth,* 359 Pa. 275, 278, 59 A. 2d 57; *Schmoker v. Schmoker,* 359 Pa. 272, 274, 59 A. 2d 55.

Decedent and appellant were, of course, not husband and wife and it is clear that they could not take title as tenants by the entireties for such seisin *per tout et non per my* is restricted to grantees who are legally husband and wife. The fact that in this respect ". . . the deed was ineffective did not wholly invalidate it, nor prevent the grantees from receiving and holding title under such form of tenancy *as was appropriate under the circumstances.* In cases where conveyances have been made to persons described as husband and wife, because believed to be such by the grantors and by themselves, it being either expressly stated or impliedly intended that they were to take by entireties, but where it was discovered that they were not lawfully married and therefore could not hold under such a tenancy, they have been allowed to take the estate either as

joint tenants or tenants in common": *Thornton v. Pierce,* 328 Pa. 11, 16, 194 A. 897. (Italics supplied.)

The pivotal question for determination is, therefore, what form of joint ownership is "appropriate under the circumstances"? The precise intention of the parties must be ascertained from the words in the deed itself which intention is the ultimate guide by which all deeds must be interpreted. *Maxwell v. Saylor,* supra. Did the parties manifest an intention to create an estate to be owned completely by the surviving grantee? In the creation of the estate the grantees attempted to form an estate *per tout et non per my* [entireties] but could not. In *Maxwell v. Saylor,* supra, a recent case precisely analogous and controlling, it was held that a common law joint tenancy with the right of survivorship,[2] an estate *per my et per tout,* in such circumstances best effectuates the declared intention of the grantees to the extent legally permissible; that such form of joint ownership for unmarried persons most closely approximates tenancy by entireties enjoyed by lawfully married parties since in both instances the survivor takes the whole. There is, of course, a distinction between the *jus accrescendi,* right of survivorship, as an incident of joint tenancy at common law and the interest of the surviving party in an entireties estate. In the former, the survivor takes a new estate by the addition of a moiety to his prior interest; in the latter, there is no alteration in the estate, the death of one tenant ". . . merely reduces the legal personage holding the estate to an individuality identical with the natural

---

[2] The Act of March 31, 1812, P. L. 259, 5 Sm. L. 395, abolished the right of survivorship as an attribute or necessary incident of joint tenancy. "But that statute does not prevent the creation of the right of survivorship by the express words of a will or deed or by necessary implication, and no particular form of words is required to manifest such an intention": *Maxwell v. Saylor,* 359 Pa. 94, 97, 58 A. 2d 355.

person": *Stuckey v. Keefe's Executors,* 26 Pa. 397, 399. Yet there is this similarity—in both instances the entire estate is owned completely by the survivor. "A tenancy by the entirety . . . is essentially a form of joint tenancy, modified by the common-law theory that husband and wife are one person": 2 Tiffany, Real Property, §430, p. 217. There is, of course, no such similarity between tenancy in common and tenancy by the entireties. Although there likewise is a distinction in the seisin, yet the seisin most closely approximating a tenancy by the entireties is the seisin of common law joint tenancy with the right of survivorship since in both instances the survivor takes the whole. Another similarity may be observed. An estate by the entireties consists of the five unities of time, title, interest, possession and marriage, all of which must coexist. A joint tenancy must contain the four unities of time, title, interest and possession. A joint tenancy thus possesses all of the unities of tenancy by the entireties except the unity of marriage. A tenancy in common need only contain the unity of possession: 2 Tiffany, Real Property, §§418, 426, 430, pp. 196, 212, 217. In such circumstances, a common law joint tenancy with the right of survivorship more closely approximates their intentions as expressed in the deed and as evidenced by the savings account, and, therefore, is more "appropriate under the circumstances." *Thornton v. Pierce,* supra; *Maxwell v. Saylor,* supra.

Appellee urges that because appellant claimed in her answer as a tenant in common she is barred thereafter to claim as a holder of a different tenure. The correct tenure [joint tenancy with survivorship] is not altered by calling it an erroneous name [tenancy in common]. The misnomer of her tenure, apparently so designated by her counsel [in the pleadings], has not the slightest bearing on the intention of the parties at the execution of the deed and the transfer of the bank account. It

constituted no more than a legal conclusion, later to be proven erroneous in the *Maxwell* case, supra.

Appellee also contends and the court below held that it is "especially just and proper" that the grantees be considered tenants in common for the reason that decedent received no consideration for the conveyance or transfer and that his estate is presently insufficient to pay the funeral bill, expenses of his last illness and administration expenses. The principle of law pronounced in *Maxwell v. Saylor,* supra, is a rule relating to the conveyance and transfer of property based upon the intention of the parties as set out in the conveyance or transfer and is not a matter of balancing equities. Cf. *Thornton v. Pierce,* supra.

Decree reversed; bill dismissed. Appellant to pay the costs.