## Waltz v. Zimmerman

*Henry W. Byers,* for plaintiffs.
*Thomas F. Meister,* for defendants.

ERB, *J.,* November 18, 1985—Defendants John Zimmerman and Barbara Zimmerman presently have a claim for exemption from levy against their personal property by Grant H. Waltz and Sharon K. Waltz, his wife. They contend that as judgment debtors who hold property by tenancy by the entirety, they can each claim the $300 statutory exemption on that same property.

On August 6, 1985, the Sheriff of York County levied upon the personal property of defendants, including a television set, a living room suite and an automobile. This property was valued as follows: television set at $100; living room suite at $250; and automobile at $400. Defendants filed a claim on August 30, 1985 for exemption of the property, contending that each of them is entitled to the $300 exemption provided by statute, for a total exemption of $600.

The Judicial Code, Act of July 9, 1976, P.L. 586, §2, as amended December 20, 1982, P.L. 1409, Art. II, §201 - 42 Pa.C.S. §8123, provides in pertinent part:

"In addition to any other property specifically exempted by this subchapter, property of the judgment debtor to the value of $300 shall be exempt from attachment or execution on a judgment."

The debtor's exemption has been carefully protected by the Pennsylvania courts and cannot be waived. Mayhigh v. Coon, 460 Pa. 128, 331 A.2d 452 (1975); Broadscope, Inc. v. Guilbert, 23 D. & C. 3d 109 (1982). There have been several policies advanced in support of this protection:

"First, it is generally believed that a creditor, in forcing his debtor to repay a debt, should not be allowed to leave the debtor and his dependents in a state of abject poverty. Second, it is argued that society should not have to bear the ultimate burden of paying the debt and supporting the debtor . . .[who] will have to resort to public assistance for the support of himself and his dependents . . . Finally, it is argued that the exemption laws are necessary in order to provide a nucleus of assets around which a debtor can begin to build a new life." Note The Uniform Exemptions Act and Pennsylvania Law, 39 University of Pittsburgh, Law Review. 357, 358 (1977) (citations omitted). See also Mayhigh v. Coon, supra; and Maschke v. O'Brien, 142 Pa. Super. 559, 560, 17 A.2d 923, 924 (1941).

The property in question here, consisting of household goods and an automobile, is held by defendants as tenants by the entirety since, under Pennsylvania Law, property "that has been acquired in anticipation of or during the marriage and which has been possessed and used by both spouses, will . . . be presumed to be held jointly by the entireties." DiFlorido v. DiFlorido, 459 Pa. 651, 331 A.2d 174 (1975). Each spouse is seised of the whole of the property and not of any share, divisible

part or interest thereof. Lindenfelser v. Lindenfelser, 396 Pa. 530, 153 A.2d 901 (1959). This concept has its origin with the common-law unity of the spouses. Frederick v. Southwick, 165 Pa. Super. 78, 67 A.2d 802 (1949).

We have found no cases which address the effect of section 8123 relating to property held by husband and wife as tenants by the entireties. The language, in this section, however, does not differ in any substantive way from former statutory provisions, which have been construed by the court.

In Crossniklaus v. Kisecker, 30 Del. 378 (1941), defendants, who were husband and wife and who held the property in question as tenants by the entireties, filed separate exemption claims, each in the sum of $300, on the levied property. The court, accepting the common-law theory that husband and wife, as tenants by the entireties, are considered but one person in the law, held that defendants were entitled to a joint exemption of $300 rather than a separate exemption to each. See also Fickes v. Skiles, 53 Lanc. Rev. 427 (1954).

Considering that the present exemption status set forth in this act now before us does not substantially change the thrust of prior acts and recognizing that exemption statutes are construed to be in derogation of the common law and therefore strictly complied with, In Re Yoder's Estate, 341 Pa. 81, 19 A.2d 139 (1941), we will deny the separate claims for exemption by Grant H. Waltz and Sharon K. Waltz, and will allow but one joint exemption of $300 against their properties.

Accordingly, we enter the following

## ORDER

And now, this November 18, 1985, it is hereby ordered and decreed as follows:

1. Defendants individual claims for exemption from levy are refused and denied.

2. The Sheriff of York County shall allow defendants to claim an exemption in the amount of $300.