## Nolan Estate

*James N. Robertson,* for petitioners.

VAN RODEN, P. J., October 20, 1952.—The undisputed facts of this case are, according to the averments of the petition filed in this case, as follows:

By a deed dated April 5, 1923, and which was duly recorded, Edward P. Nolan conveyed unto Catherine E. Nolan and Dora M. Nolan "their heirs and assigns as tenants by entireties and not as tenants in common" certain real estate therein described.

Catherine E. Nolan, one of the grantees, died intestate on May 10, 1945.

Dora M. Nolan died on April 7, 1952, leaving a will and codicil thereto, both of which have been duly admitted to probate by the Register of Wills of Delaware County, and letters testamentary have been granted to petitioners in the present proceeding, Sara A. Nolan and Margaret T. Nolan.

Petitioners plan to sell and dispose of the real property, and in order to do so it is necessary that they ascertain the extent and nature of the title and interest of decedent, Dora M. Nolan, therein. A petition has been presented to this court, praying the court to construe the wording of the deed by which decedent, Dora M. Nolan, acquired an interest in the real property and thereby to determine the nature and extent of her title and interest therein.

The petition is for a declaratory judgment under the provisions of the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, sec. 2, 12 PS §832. This statute provides, inter alia: "any person interested under a deed . . . may have determined any question of construction or validity arising under the instrument . . .".

The court assumes jurisdiction since it is evident that an ambiguity exists concerning the nature and extent of the interest and title of the estate of Dora M. Nolan, deceased, in certain real property as an asset of the estate.

Obviously, Catherine E. Nolan and Dora M. Nolan were not husband and wife, but in fact were sisters, and hence were incapable of holding title as tenants by the entireties. We have here another instance of the use by layman of legal terms with no knowledge of the meaning and significance of those terms. It is equally obvious that the grantor named in the deed of conveyance desired and intended the two grantees to secure the complete and absolute title to the real estate. Furthermore, the only sensible and reasonable interpretation of the language used by grantor in the deed was that the grantees should hold the title with the right of survivorship.

The courts have held uniformly that the law will secure to title holders that title which is expressed in the deed, and there are a great number of cases in-

volving the situation of a man and a woman, not lawfully married, taking title to real estate as "tenants by the entireties" in which it has been held that the title acquired by the grantees was that of a joint tenancy with right of survivorship. This proposition has been so uniformly held that there seems to be no point in referring to the decisions.

It may be that this is the first time that the situation has arisen for the court to interpret the intent of grantor of real property who has conveyed the same to *two sisters* "as tenants by the entireties". By the application of ordinary common sense as well as the realistic reasoning of the courts in the cases of a man and a woman acquiring title to real property in this manner, the only conclusion which we can reach is that this deed conveyed to the two sisters the title to the real property as joint tenants with right of survivorship. Furthermore, although we believe no further reinforcement to justify this conclusion is necessary, it will be noted that in the instant case the grantor also specified that the grantee received a title *"not* as tenants in common", definitely indicating that he intended them to take title with right of survivorship.

Accordingly, the court enters the following

### Decree

And now, to wit, October 20, 1952, a petition for a declaratory judgment having been presented to the court in the above-captioned matter, and the court having assumed jurisdiction in the case, and after full and careful consideration, it is hereby ordered, adjudged and decreed that Catherine E. Nolan and Dora M. Nolan acquired title to the real property described in the deed of conveyance from Edward P. Nolan dated April 5, 1923, duly recorded at Media, Pa., in Deed Book No. 568, page 236, as joint tenants with right of survivorship; and Catherine E. Nolan having died on May 10, 1945, Dora M. Nolan, present dece-

dent, thereby became the sole owner and title holder of the described real property, which she continued to hold until the date of her death, and as a result of which it became an asset of her estate.