Michael Estate.

Argued January 12, 1966.  Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John C. Youngman, Jr.,* with him *Candor, Youngman, Gibson & Gault,* for appellant.

*Ambrose R. Campana,* with him *Campana and Campana,* for appellees.

OPINION BY MR. JUSTICE JONES, March 22, 1966:

This is an appeal from a decree of the Orphans' Court of Lycoming County entered in a proceeding brought under the Uniform Declaratory Judgments Act (Act of June 18, 1923, P. L. 840, 12 P.S. §831 et seq.). The purpose of the proceeding was to obtain an interpretation and construction of a deed to determine whether the decedent, Bertha W. Michael, died owning any interest in realty located in Wolf and Moreland Townships, Lycoming County, known as "King Farm."

On February 24, 1947, Joyce E. King deeded certain real estate in Lycoming County, known as "King Farm", to Harry L. Michael and Bertha M. Michael,[1] his wife, and Ford W. Michael (son of Bertha and Harry L. Michael) and Helen M. Michael, his wife. The pertinent provisions of the lawyer-drawn deed are as follows: "This Indenture Made the 24th day of February in the year of our Lord one thousand nine hundred forty-seven (1947).

"Between Joyce E. King, widow, of Milton, Northumberland County, State of Pennsylvania, party of the first part, Harry L. Michael and Bertha M. Michael, his wife, tenants by the entireties and Ford W. Michael

---

[1] It is stipulated that Bertha M. Michael and Bertha W. Michael are one and the same person.

and Helen M. Michael, his wife, as tenants by the entireties, *with right of survivorship,* of Hughesville, Lycoming County, Pennsylvania, parties of the second part." (Emphasis supplied).

". . . have granted, bargained, sold, aliened, enfeoffed, released, conveyed and confirmed and by these presents does grant, bargain, sell, alien, enfeoff, release, convey and confirm unto the said parties of the second part, their heirs and assigns.

. . .

"To Have and To Hold the said hereditaments and premises hereby granted or mentioned and intended so to be with the appurtenances unto the said parties of the second part, their heirs and assigns to and for the only proper use and behoof of the said parties of the second part, their heirs and assigns forever."

Harry L. Michael died prior to February 20, 1962 leaving to survive him his wife, Bertha W. Michael and two sons, Ford W. Michael, one of the grantees, and Robert C. Michael, the appellant.

Bertha W. Michael died testate, November 26, 1963, leaving to survive her two sons, Ford W. and Robert C. Michael. By her will dated February 20, 1962, she provided, inter alia, as follows: "Second. It is my sincere wish and I hereby direct that my Executors settle my estate in such way that my sons Ford W. Michael and Robert C. Michael each receive an equal share of the same. Because of the fact that a good portion of my estate may be in the form of real estate, my Executors shall use their own discretion in the matter of the method to be used to make the division. The following, however, are my desires in this matter and these desires follow closely the wishes of their father, namely: . . . (d) That my interest in the "King Farm" situate partly in Wolf and partly in Moreland Townships go to Robert C. Michael and the sum of $1,000.00, be paid to Ford W. Michael to balance this gift."

The two sons were appointed executors of their mother's estate. Soon thereafter a dispute arose as to what, *if any*, interest Bertha W. Michael had in the real estate known as "King Farm." The answer to this question turns on the construction of the language, above-quoted, contained in the deed of 1947. The court below held that the deed created a joint tenancy with right of survivorship between the two sets of husbands and wives.

The appellant urges that the deed created a tenancy in common as between the two married couples, each couple holding its undivided one-half interest as tenants by the entireties.[2] The appellees, conceding that the respective one-half interests were held by husband and wife as tenants by the entireties, contend, however, that *as to each other* the couples held as joint tenants with a right of survivorship. The lower court, predicating its decision on the use in the deed of the phrase "with right of survivorship", held that there was a clear expression of an intended right of survivorship between the two couples. To further support its decision, the court found it significant that the phrase was not used twice in modification of each husband-wife-grantee designation, but rather was utilized after both couples had been named and had been designated severally as tenants by the entireties.

At common law, joint tenancies were favored, and the doctrine of survivorship was a recognized incident to a joint estate. The courts of the United States have

---

[2] Appellant, in urging the creation of a tenancy in common, points to decedent's will (above-quoted in part) wherein she indicated that she expected her interest in the property to pass under her will. From this appellant argues that the interest was considered by the parties to be one of tenancy in common rather than joint tenancy. Such an argument is insufficient to establish the intention of the parties. The question must be answered solely by reference to the language employed in the conveying instrument.

generally been opposed to the creation of such estates, the presumption being that all tenants hold jointly as tenants in common, unless a clear intention to the contrary is shown. *Bambaugh v. Bambaugh,* 11 S. & R. **191 (1824)**; *Galbraith v. Galbraith,* **3 S. & R. 392** (1817).

In Pennsylvania, by the Act of 1812,[3] the incident of survivorship in joint tenancies was eliminated unless the instrument creating the estate expressly provided that such incident should exist. The Act of 1812 has been repeatedly held to be a statute of construction; it does not *forbid* creation of a joint tenancy if the language creating it *clearly* expresses that intent. *Teacher v. Kijurina,* 365 Pa. 480, 76 A. 2d 197 (1950); *Lafayette v. Brinham,* 363 Pa. 360, 69 A. 2d 130 (1949); *Redemptorist Fathers v. Lawler,* 205 Pa. 24, 54 Atl. 487 (1903). Whereas before the Act, a conveyance or devise to two or more persons (not husband and wife or trustees) was presumed to create a joint tenancy with the right of survivorship unless otherwise clearly stated, the presumption is reversed by the Act, with the result that now such a conveyance or devise carries with it no right of survivorship unless clearly expressed, and in effect it creates, not a joint tenancy, but a tenancy in common. *Teacher v. Kijurina,* supra; *Lafayette v. Brinham,* supra; *Haggerty's Estate,* 311 Pa. 503, 166 Atl. 580 (1933).

---

[3] Act of March 31, 1812, P. L. 259, 5 Sm. L. 395, §1, 20 P.S. §121. ". . .If partition be not made between joint tenants, whether they be such as might have been compelled to make partition or not, or of whatever kind the estates or thing holden or possessed be, the parts of those who die first shall not accrue to the survivors, but shall descend or pass by devise, and shall be subject to debts, charges, curtesy or dower, or transmissible to executors or administrators, and be considered to every other intent and purpose in the same manner as if such deceased joint tenants had been tenants in common: Provided always, that nothing in this act shall be taken to affect any trust estate."

Since passage of the Act of 1812, the question of survivorship has become a matter of intent (*Maxwell v. Saylor*, 359 Pa. 94, 58 A. 2d 355 (1948); *Mardis v. Steen*, 293 Pa. 13, 141 Atl. 629 (1928)) and, in order to engraft the right of survivorship· on a co-tenancy which might otherwise be a tenancy in common, the intent to do so must be expressed with sufficient clarity to overcome the statutory presumption that survivorship is not intended: *Isherwood v. Springs First Nat. Bank*, 365 Pa. 225, 74 A. 2d 89 (1950); *Mardis v. Steen*, supra. Whether or not survivorship was intended is to be gathered from the instrument and its language (*McCallum's Estate*, 211 Pa. 205, 60 Atl. 903 (1905)), but no particular form of words is required to manifest such intention. *McCallum's Estate*, supra; *Frederick v. Southwick*, 165 Pa. Superior Ct. 78, 67 A. 2d 802 (1949). The incident of survivorship may be expressly provided for in a deed or a will or it may arise by necessary implication. *Arnold v. Jack's Executors*, 24 Pa. 57 (1854); *Sturm v. Sawyer*, 2 Pa. Superior Ct. 254 (1896); *Redemptorist Fathers v. Lawler*, supra.

Applying the above-stated principles to the instant facts, we fail to find a sufficiently *clear* expression of intent to create a right of survivorship, as required by the case law, to overcome the presumption against such a right arising from the Act of 1812. Neither the research of the parties involved nor our own has yielded any case involving language or involving facts similar to that in the present litigation.

The lower court found that the use in the deed of the phrase "with right of survivorship"·and the location of that phrase in such deed (see quoted provision of deed, supra) constituted a clear expression of an intended right of survivorship. The inherent difficulty with such an interpretation is that it is purely conjectural and finds certainty in a totally ambiguous phrase.

The phrase, "with right of survivorship", is capable, as appellant properly urges, of at least three possible interpretations: (1) explanatory of the one of the incidents of the estate, known as tenancy by the entirety; (2) explanatory of the one tenancy by the entirety, the creation of which it follows or (3), as the appellee and the lower court contend, indicative of the creation of a right of survivorship as between the two sets of spouses. Anyone of these interpretations is a *possibility* but deciding which was intended by the parties would involve nothing but a mere guess. Such ambiguous terminology falls far short of the *clear* expression of intent required to overcome the statutory presumption.

Nowhere in the deed is the term "joint tenants" employed. To create a right of survivorship the *normal* procedure is to employ the phrase "joint tenants, with a right of survivorship, and not as tenants in common" in describing the manner in which the grantees are to take or hold the property being conveyed or transferred.

The deed herein involved also uses the term *"their* heirs and assigns forever." (emphasis supplied). The use of the plural would tend to indicate a tenancy in common. If *"his* or *her"* heirs and assigns had been used a strong argument could be made that the grantor intended a right of survivorship and that the survivor of the four named grantees would have an absolute undivided fee in the property.

Both the Act of 1812 and our case law clearly dictate that joint tenancies with the incident right of survivorship are not to be deemed favorites of the law: *Goldstein v. Hammell,* 49 Pa. Superior Ct. 39 (1912). We cannot find within the four corners of this deed a *clearly* expressed intention to create a joint tenancy with the right of survivorship. Having failed to find a *clear* intention to overcome the statutory presump-

tion against such estates, the Act of 1812 compels us to find that the deed of 1947 created a tenancy in common as between the two sets of married couples, each couple holding its undivided one-half interest as tenants by the entireties.

Decree reversed. Each party to bear own costs.

Mr. Justice COHEN and Mr. Justice ROBERTS dissent.