Pennsylvania Bank and Trust Company et al.,
Appellants, v. Thompson.

Argued October 9, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Bruce L. Smith*, with him *Eckels, Blystone, Fuller & Kinnunen*, for appellants.

*Harry W. Gent, Jr.*, with him *Gent, Daniels and Thompson*, for appellee.

OPINION BY MR. JUSTICE ROBERTS, November 12, 1968:

This appeal is from a determination of the court below that A. C. Thompson and the appellee acquired title to certain parcels of land described in a deed from Clarence J. Semple dated September 29, 1956, as joint tenants with the right of survivorship. The sole question presented for our consideration is whether the trial court was correct in holding that this deed to William J. M. Thompson and A. C. Thompson, brothers, as "tenants by the entireties" in fact created a joint tenancy with right of survivorship or, as appellant contends, a tenancy in common.

As a first principle, we must recognize that joint tenancies are not favored by the law and that a statute of the Commonwealth eliminates the survivorship feature from joint tenancies unless it is created by express words or by necessary implication. See Act of March 31, 1812, P. L. 259, 20 P.S. §121. But it is also true that no particular form of words is required to manifest such an intention. *Maxwell v. Saylor*, 359 Pa. 94, 58 A. 2d 355 (1948). Therefore, if there is no clear intention in the language of this conveyance the statute would help us solve the uncertainty, but it does not lift from our shoulders the responsibility to determine if these words express a clear intent.

There was no evidence of intention presented to the trial court other than that contained in the conveyance itself; thus we will restrict our examination to the deed. Therein is the declared intention of the two brothers to take "as tenants by the entireties." This of course was impossible since that tenure is limited to a dual ownership by husband and wife. Therefore it is our function to determine that form of tenancy which will most nearly effectuate their intent. In *Maxwell v. Saylor*, 359 Pa. 94, 58 A. 2d 355 (1948), this Court held that a joint tenancy best fulfills an intent to create a tenancy by the entireties because both contain the survivorship feature. This holding is consistent with decisions of this Court and courts in other jurisdictions. See *Bove v. Bove*, 394 Pa. 627, 149 A. 2d 67 (1959); *Cobb v. Gilmer*, 365 F. 2d 931 (D.C. Cir. 1966); *Sams v. McDonald*, 117 Ga. App. 336, 160 S.E. 2d 594 (1968); *Mitchell v. Frederick*, 166 Md. 42, 170 A. 733 (1934); *Morris v. McCarty*, 158 Mass. 11, 32 N.E. 938 (1893). But see *Perrin v. Harrington*, 146 App. Div. 292, 130 N.Y.S. 944 (1911).

The reasons for this conclusion seem quite clear. The most important feature of a tenancy by the entire-

ties is that the entire estate is owned completely by the survivor. It can of course be argued that the impossibility of one cotenant to sell or pledge his interest or compel a partition of the property is an equally important characteristic of a tenancy by the entireties. But in essence this aspect of an entireties tenure is merely a means to guarantee the right of the survivor to take and is therefore subordinate in importance to the right of survivorship. And even if it is conceded that the inalienability feature is equally important, it does not necessarily follow that because there is no estate for unmarried individuals which permits inalienability, the law should not recognize an intent to create a tenancy with a survivorship feature. This would at least fulfill part of the brothers' original goal of creating a tenancy by the entireties. To interpret otherwise and hold that the addition of the words "as tenants by the entireties" does not include the right of survivorship, would render those words meaningless. For what other effect could be given to the quoted words that would distinguish the tenancy these brothers tried to create from a tenancy in common, a tenure which would have been created if the deed had simply stated that it was a conveyance to William J. M. Thompson and A. C. Thompson? Clearly there is none.

Nor would it be proper to simply disregard the words "tenants by the entireties" as meaningless. These words are an expression of some intent which cannot be ignored entirely. See *Coleman v. Jackson,* 286 F. 2d 98 (D.C. Cir. 1960).

However, appellants in the instant appeal seek to distinguish or request that we overrule the earlier cases. First, appellants assert that all the cases both within and without this jurisdiction arose out of a presumption that a marital state existed between the

parties. However, in some cases this is just not so, see *Maxwell v. Saylor,* supra (the parties did not think they were legally married), and even where it is, we fail to see how it could be a controlling factor. The crux of all these opinions is that the marriage relationship could not exist. The parties are either married and capable of holding as tenants by the entireties or not married to each other. The only relevant consideration in any case is what type of tenure the parties intended and how the law can best effectuate that intent, once it is clear they can *not* hold as tenants by the entireties.

Next the appellants resurrect an old contention— that this Court decided there was a right of survivorship in *Maxwell* because the surviving spouse had paid the entire purchase price of the disputed estate. It is indeed true that the majority opinion mentioned this fact in the last paragraph. However, any misconception that this was a crucial fact was completely dispelled by the subsequent language of a unanimous Court in *Teacher v. Kijurina,* 365 Pa. 480, 76 A. 2d 197 (1950) : ". . . [I]t should be said that in our recent case of Maxwell . . . the majority opinion does in the last paragraph mention the fact . . . that the decision arrived at was especially just and proper since every dollar invested was that of the survivor. However, this was said after the decision was made on the basis of the language of the deed and uttered merely to show the ruling made accorded with the morals in that particular case." This Court has emphasized that the rule in *Maxwell* is based upon the intention of the parties as set out in the conveyance or transfer and is not a matter of balancing the equities.[1] To do other-

---

[1] Because our inquiry is limited to the expressed intent of the parties without regard to a balancing of the equities or the examination of extrinsic items, appellants' argument that two young

wise would be to allow parol evidence to be used to contradict the language of a deed.

Appellants' reliance is not well placed when they cite the *Teacher* case as a retreat from the doctrine established in *Maxwell*. The cases are easily distinguishable and the results in each are consistent. In *Teacher* the conveyance was "to Nick Kijurina and Sarah his wife." Thus there was no explicit indication that the parties were attempting to create a tenancy by the entireties. While it is conceded that the same deed to two individuals who were actually husband and wife would have created a tenancy by the entireties, without the actual language of *Maxwell* it was entirely appropriate for the Court to hold that there was insufficient indication of an intent to create a survivorship estate. It is one thing to make the logical inference from tenancy by the entireties to joint tenancy with the right of survivorship. It is quite another to infer from "his wife," to tenancy by the entireties, and then to joint tenancy. In the instant case the parties explicitly stated their intent to create a tenancy by the entireties, thus sparing this Court from the speculation which was inherent in the fact situation in *Teacher*.[2]

Nor does any attempt to distinguish the trial court opinion in *Nolan's Estate*, 82 Pa. D. & C. 197 (1952) aid the appellants. In *Nolan* the deed was to two sisters "as tenants by the entireties and not as tenants in common." While it is certainly true that this fact situation represents a clearer expression that a sur-

bachelors in the prime of life would not be likely to intend joint tenancy with right of survivorship must be dismissed as irrelevant.

[2] The same speculation was inherent in the decision before this Court in *First Federal Savings and Loan Association of Greene County v. Porter*, 408 Pa. 236, 183 A. 2d 318 (1962), which accounts for the finding of a tenancy in common.

vivorship tenure was intended, the case does not stand for the proposition that this language and no other can be used to create a joint tenancy. Our case law has established that no particular form of words is required to create a right of survivorship. See *Maxwell v. Saylor*, supra, and cases cited therein. The same reasoning applies to *Hoffert v. Bastian*, 54 Pa. D. & C. 146 (1945) wherein the deed was to a mother and daughter "as tenants by the entireties with the right of survivorship." While the addition of the "right of survivorship" made the intent more obvious, the additional language was not necessary to the resolution of the case.

Finally, appellants urge that *Michael Estate*, 421 Pa. 207, 218 A. 2d 338 (1966) supports their position. The controversial language of the deed therein was: "Between Joyce E. King, widow, of Milton, Northumberland County, State of Pennsylvania, party of the first part, Harry L. Michael and Bertha M. Michael, his wife, tenants by the entireties and Ford W. Michael and Helene M. Michael, his wife, as tenants by the entireties, with *the right of survivorship . . . .*" (Emphasis supplied.) The issue was what type of tenure existed between the two sets of married couples inter se. The Court concluded that this language created a tenancy in common, relying on the Act of 1812 to resolve the ambiguity created by the possible interpretations of the language, "right of survivorship." This was a proper disposition in a case where the court could not even tell whether "with right of survivorship" applied to one couple or both; but in the present case it is abundantly clear that the designation "as tenants by the entireties" applies to the two brothers.

Having discussed each of appellants' reasons for reversing the determination below and concluding that they are without merit, the judgment of the trial court

is affirmed, effectuating the manifest intent of the brothers, and ensuring that Pennsylvania law in this area will remain consistent with that of other jurisdictions.

Judgment affirmed.

Mr. Justice COHEN dissents.

Mr. Justice MUSMANNO did not participate in the decision of this case.