Zomisky et al., Appellants, *v.* Zamiska.

Argued October 2, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Ned J. Nakles,* with him *David R. Gold,* for appellants.

*John W. Pollins, III,* with him *Calvin E. Pollins,* for appellees.

OPINION BY MR. JUSTICE EAGEN, November 17, 1972:

Mike Zamiska and George Zamiska were father and son. On December 26, 1957, Mike Zamiska executed a

deed conveying the title in certain land to Mike Zamiska and George Zamiska "as joint tenants and as in common with the right of survivorship." Upon his father's death (intestate) on July 18, 1970, George claimed complete title in the land. Other children and grandchildren of Mike Zamiska, claiming the 1957 deed created only a tenancy in common in the grantees, instituted an action in equity asking the court to declare that George's ownership was limited to an undivided one-half interest.[1] The court below ruled the deed created a joint tenancy in the grantees with the right of survivorship and entered a decree granting the defendants' motion for judgment on the pleadings. This appeal followed.

At common law joint tenancies were favored, and the doctrine of survivorship was a recognized incident to a joint estate. But the courts of the United States have generally been opposed to the creation of such estates, the presumption being that all tenants, who are not husband and wife, hold jointly as tenants in common, unless a clear intention to the contrary is shown. *Bambaugh v. Bambaugh,* 11 S. & R. 191 (1824); *Galbraith v. Galbraith,* 3 S. & R. 392 (1817).

In Pennsylvania, by the Act of March 31, 1812, P. L. 259, 5 Sm. L. 395, §1, 20 P.S. §121, the incident of survivorship in joint tenancies (except where the grantees or devisees are husband and wife) was eliminated unless the instrument creating the estate expressly provided that such incident should exist. The Act of 1812 has repeatedly been held to be a statute of construction; it does not proscribe creation of a joint tenancy if the language creating it clearly expresses that intent. *Teacher v. Kijurina,* 365 Pa. 480, 76 A. 2d

---

[1] After his father's death, George Zamiska conveyed his interest in the land to himself and his wife, Elizabeth A. Zamiska; hence, she was named a defendant in the action.

197 (1950) ; *Lafayette v. Brinham,* 363 Pa. 360, 69 A. 2d 130 (1949) ; *Redemptorist Fathers v. Lawler,* 205 Pa. 24, 54 A. 487 (1903). Whereas before the act, a conveyance or devise to two or more persons (not husband and wife or trustees) was presumed to create a joint tenancy with the right of survivorship unless otherwise clearly stated, the presumption is reversed by the act, with the result that now such a conveyance or devise carries with it no right of survivorship unless clearly expressed, and in the absence of a clearly expressed intent to the contrary, the conveyance or devise creates not a joint tenancy, but a tenancy in common. *Teacher v. Kijurina,* supra; *Lafayette v. Brinham,* supra; *Haggerty's Estate,* 311 Pa. 503, 166 A. 580 (1933).

Since the passage of the Act of 1812, the question of survivorship has become a matter of intent (*Maxwell v. Saylor,* 359 Pa. 94, 58 A. 2d 355 (1948)); and in order to engraft the right of survivorship on a cotenancy which might otherwise be a tenancy in common, the intent to do so must be expresed with sufficient clarity to overcome the statutory presumption that survivorship is not intended: *Isherwood v. Springs First Nat. Bank,* 365 Pa. 225, 74 A. 2d 89 (1950) ; *Mardis v. Steen,* 293 Pa. 13, 141 A. 629 (1928). But it is also true that no particular form of words is required to manifest such an intention: *Pennsylvania Bank & Trust Company v. Thompson,* 432 Pa. 262, 247 A. 2d 771 (1968), and *Maxwell v. Saylor,* supra.

Since the issue was decided on the pleading below, our inquiry is limited to whether the deed involved expressed the intent to create a joint tenancy with the right of survivorship with suffcient clarity to overcome the statutory presumption to the contrary. We conclude it did, as did the court below. Hence, we will affirm.

The pertinent phrase in the deed is: "Mike Zamiska and George Zamiska as Joint tenants and as in common

with the right of survivorship." Appellants contend that the words "with the right of survivorship" conflict with the words "and as in common" and argue since they are part of the same phrase, said words are without sense or meaning. The phrase "with the right of survivorship", it is urged is not a clear expression of anything under the circumstances. Consequently, the deed fails to contain a clear expression of intention to create a joint tenancy with the right of survivorship, and instead creates by operation of law an equal tenancy in common between the two grantees. However, appellants' position would render the words "with the right of survivorship" meaningless and consequently give no expression to the intent of the parties. Since the question of survivorship is a matter of intent (*Maxwell v. Saylor,* supra), we must reject appellants' position and strive to give full effect to the intent of the parties: *Pennsylvania Bank and Trust Company v. Thompson,* supra. In that case the grantee clause was "to William J. M. Thompson and A. C. Thompson, . . . as 'tenants by the entireties'. . . ." The issue there was the same now presented, namely, determining the intention of the parties. Mr. Justice ROBERTS, speaking for the Court, stated that, "To interpret otherwise and hold that the addition of the words 'as tenants by the entireties' does not include the right of survivorship, would render those words meaningless." He went on to say at page 265: "Nor would it be proper to simply disregard the words 'tenants by the entireties' as meaningless. These words are an expression of some intent which cannot be ignored entirely. See Coleman v. Jackson, 286 F. 2d 98 (D.C. Cir. 1960)."

While the term "entireties" is not an element instantly, the principle is clear we cannot disregard the words "with the right of survivorship" in the instant deed as meaningless. It is true that if we were to look merely to the words in the deed "as Joint tenants and

as in common," we would have an ambiguity since joint tenancy implies the term "survivorship" and "in common" implies the opposite. However, the use of the words "Joint tenants" in connection with the operative words "with the right of survivorship" removes the ambiguity and makes it clear that the intention of the parties was to create a joint tenancy, with the passage of the title to the survivor upon the death of the other.

Appellants next contend the phrase "with the right of survivorship" is not a magic phrase and this Court recently saw fit to disregard it in *Michael Estate*, 421 Pa. 207, 218 A. 2d 338 (1966). In that case the controversial language of the deed was: " 'Between Joyce E. King, widow, of Milton, Northumberland County, State of Pennsylvania, party of the first part, Harry L. Michael and Bertha M. Michael, his wife, tenants by the entireties and Ford W. Michael and Helen M. Michael, his wife, as tenants by the entireties, *with the right of survivorship. . . .*' " *Id.* at 208, 209. The issue was what type of tenure existed between the two sets of married couples inter se. The Court concluded that this language created a tenancy in common, relying on the Act of 1812 to resolve the ambiguity created by the possible interpretation of the language "right of survivorship". This was a proper disposition since it was not clear whether "with the right of survivorship" applied to one couple or both. In the present case, however, it is abundantly clear that the designation "with the right of survivorship" applies to Mike and George Zamiska, father and son.

Lastly, appellants argue that in the deed, there are other expressions affirmatively indicating that a tenancy in common was intended to be created. They point in particular to the use of the words "their heirs and assigns" rather than "his heirs, and assigns". This Court answered this identical contention in *Maxwell v. Saylor*, supra, at page 97: "It is contended by plain-

tiffs that the phrase in the deed 'their heirs and assigns' is in conflict with, and serves to negative [sic] any presumed intention to create a right of survivorship; this argument fails, however, in view of the fact that 'their heirs and assigns' are not words of purchase but of limitation, such being their time-honored use for the purpose of conveying a fee simple title."

Decree affirmed. Each side to pay own costs.