381 A.2d 480

**Mario MARGARITE**

**v.**

**Joseph EWALD and George Ewald, Appellants.**

Superior Court of Pennsylvania.

Argued June 14, 1977.

Decided Dec. 28, 1977.

James J. Martin, Philadelphia, for appellants.

Louis B. Priluker and Leonard Zack, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

We are asked on this appeal to review a determination by the common pleas court of Philadelphia County that the plaintiff-appellee has a one-sixth interest in property originally deeded to his mother and stepfather and another person. For the reasons hereinafter set forth, we reverse.

The real estate in question was conveyed by deed dated January 16, 1967, to "John Ewald and Mary B. Ewald his wife and Joseph Ewald . . . *as tenants in common with right of survivorship.*" The appellee is the son of Mary B. Ewald by her first marriage. Mary B. Ewald died intestate on November 8, 1973, and left appellee and John Ewald, her second husband, as her sole heirs at law. John Ewald, appellee's stepfather, died thereafter on August 20, 1974, and bequeathed his entire estate to his brother George Ewald. The other grantee to the original deed, Joseph Ewald, is still living.

The appellee filed a petition for a declaratory judgment asking the court below to interpret the deed and decide whether appellee's mother, Mary B. Ewald, had acquired any interest which passed to appellee upon her death. The case was submitted on stipulated facts and, after oral argument, the lower court held that the deed created a tenancy in

common in which each grantee owned a one-third interest. Thus, the court ruled that appellee owned a one-sixth interest in the property which represented his intestate share of his mother's estate. The court en banc affirmed this determination,[1] and a timely appeal was taken to our Court.

The appellants contend that the deed created a tenancy by the entireties in which John Ewald and Mary B. Ewald, his wife, held a one-half interest and upon the death of Mary B. Ewald her spouse John Ewald became the sole owner of their entireties interest. We agree.

The terms used in the deed are patently contradictory. It is basic property law that "a right of survivorship" is not associated with a "tenancy in common." The deed therefore cites a legal impossibility. The lower court recognized these facts and based its holding, that a tenancy in common was created among the parties, on: 1) the statutory presumption that a conveyance or devise carries with it no right of survivorship unless clearly expressed; 2) the emerging legal recognition that a married woman may hold property in her own right without any legal disabilities formerly associated with the legal fiction of the unity of husband and wife; and 3) the public policy against restrictions on alienation of property.

 The lower court was correct when it noted that since the passage of the Act of 1812 [2] there is a presumption that a conveyance or devise to two or more persons, not husband or wife or trustees, carries with it no right of survivorship unless clearly expressed. *Zomisky v. Zamiska,* 449 Pa. 239, 241, 296 A.2d 722, 723 (1972); *Michael Estate,* 421 Pa. 207, 211, 218 A.2d 338 (1966). Thus, the law in our Commonwealth is that unless the terms of the agreement expressly or by necessary implication call for a joint tenancy a tenancy in common will be presumed. *Pennsylvania Bank & Trust Co. v. Thompson,* 432 Pa. 262, 247 A.2d 771 (1968);

1. FORER and SPORKIN, JJ., filed an opinion and MARUTANI, J., filed a concurring opinion.

2. Act of March 31, 1812, P.L. 259, 5 Sm.L. 395, § 1, 20 P.S. § 121, *transferred to* 68 P.S. § 110 (Supp. 1977–78).

*Maxwell v. Saylor*, 359 Pa. 94, 58 A.2d 355 (1948); *Sturm v. Sawyer*, 2 Pa.Super. 254 (1896). However, it has also been said that when property, real or personal, is placed in the names of husband and wife without more, a tenancy by entireties is presumed to have been created, *Holme's Estate*, 414 Pa. 403, 200 A.2d 745 (1964); *Brenner v. Sukenik*, 410 Pa. 324, 189 A.2d 246 (1963); *Heatter v. Lucas*, 367 Pa. 296, 80 A.2d 749 (1951); and in order to rebut that presumption there must be clear and convincing evidence to the contrary. *Holme's Estate*, supra.

 In the case at bar we are faced with a conveyance to three persons, two of whom are identified as husband and wife. The effect of the latter presumption referred to above thus becomes less certain. In *Heatter v. Lucas*, supra, however, our Supreme Court was faced with an analogous situation. In *Heatter*, a farm had been deeded to "Francis Lucas, a single man, and Joseph Lucas and Matilda Lucas, his wife," with the habendum clause providing "to Have and to Hold the same unto and for the use of the said parties of the second part their heirs and assigns forever, . . ." The court discussed the application of the presumption of a tenancy by entireties in such a conveyance and held that "a conveyance to three parties two of whom are husband and wife *but neither designated as such,* shall, *in the absence of any language in the conveyance disclosing a contrary intention,* be deemed a conveyance of one-third shares." *Id.* 367 Pa. at 300, 80 A.2d at 752. The *Heatter* court went on to note, however, that the fact that the conveyance was to "Francis Lucas, a single man, *and* Joseph Lucas and Matilda Lucas, *his wife,*" sufficiently indicated an intent that the husband and wife take by the entireties. The terms of the conveyance in the case at bar expressly refer to John Ewald and Mary B. Ewald *his wife.* We refuse to treat the words "his wife" as mere surplusage. They represent the classic form for the creation of a tenancy by entireties. Furthermore, the use of a double "and" in the granting clause indicates an intent that two units, one couple and one single person, take the property and that each acquire a half

interest.[3] *See Heatter v. Lucas*, supra 367 Pa. at 301, 80 A.2d at 752. Because of the express identification of the marital entity in the deed, and the use of the double "and", we believe that the parties must be taken to have considered and given significance to the marital status of two of the grantees. We therefore hold that, the interest of John Ewald and Mary B. Ewald were those of tenants by the entireties.[4] As such, upon the death of Mary B. Ewald, the entire interest vested in her husband.

■ A contrary conclusion is not warranted because of the use of the words "as tenants in common with right of survivorship." We believe that through the use of these terms the correct conclusion is that the one-half interest of the married couple, although held by the entireties as between themselves, was held in common in relation to the interest of Joseph Ewald. *See* Ladner, *Conveyancing in Pennsylvania* § 1:16 (3rd ed. P. Wood 1961).

**3.** *See* Comment, *Creation and Termination of Joint Tenancies in Pennsylvania*, 80 Dick.L.Rev. 92, 99 n. 57 (1975): "[I]n a transfer to A, B, and C, a conveyance of one third shares will be presumed. The qualitative presumption arising out of the marital union is not strong enough to interfere with the quantitative interests apparent on the face of the instrument. However, a double 'and' in the granting clause, i. e. to A and B his wife and C, will indicate that two units, one couple and one single person, take the property and that each acquires a half interest."

**4.** The appellee argues that the presumption that a husband and wife take as tenants by the entireties, absent contrary language, violates the Equal Rights Amendment of the Pennsylvania Constitution, Art. I, § 28, which reads:

> Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual.

We find no merit in this contention. The purpose of this constitutional provision was to end *discriminatory* treatment on account of sex. *Commonwealth v. Butler*, 458 Pa. 289, 328 A.2d 851 (1974). There is nothing discriminatory in the application of the above rule. It is not a one-sided presumption as the type voided in *Butler v. Butler*, 464 Pa. 522, 347 A.2d 477 (1975). The effect of the rule varies according to the order of death within the marital unit. Had John Ewald died first the entire one-half interest would have been vested in Mary B. Ewald. There is simply no basis upon which to say that the rule deprives a woman of her right to own property.

Unlike the case of *Wally v. Lehr*, 2 Pa.D. & C.2d 722 (1954), we are not confronted with a conveyance to a husband and wife, and a third party "as joint tenants with a right of survivorship and not as tenants in common." In that case the interest between the married couple, who held their half interest by the entireties, was clearly that of a joint tenant with the third party. Nor does the case of *Zomisky v. Zamiska*, 449 Pa. 239, 296 A.2d 722, 723 (1972) warrant a different result. In that case the conveyance was to "Mike Zamiska and George Zamiska as joint tenants and as in common with the right of survivorship." The Supreme Court held that the use of the words "with right of survivorship" when used *in conjunction with* the term "joint tenants" removed any ambiguity and made it clear that the intention of the parties was to create a joint tenancy. *Id.* 449 Pa. at 244, 296 A.2d at 724. That is not the case here. For, as we noted above, when the concept of a right of survivorship is considered in the context of a tenancy in common, the ambiguity is compounded not diminished.

In order to engraft the right of survivorship on a co-tenancy which might otherwise be a tenancy in common, the intent to do so must be expressed with sufficient clarity to overcome the statutory presumption that survivorship is not intended. *Zomisky v. Zamiska*, supra 449 Pa. at 242, 296 A.2d at 723; *Maxwell v. Saylor*, supra 359 Pa. at 97, 58 A.2d at 356. We see no reason why the rule should be different where, as in this case, the interests in the land are held between a married couple who hold by the entireties and a third person.[5] The intent to create a right of survivorship was not sufficiently expressed in the deed. *See Michael Estate*, 421 Pa. 207, 218 A.2d 338 (1966). A tenancy in a common was thus created between the husband and wife and Joseph Ewald.

**5.** As the Supreme Court stated in *Heatter v. Lucas*:
There is no rule of construction or other restraint which interdicts the creation of a tenancy in common (or joint tenancy) in which a unit held by the entireties constitutes one of the moities or shares. *Id.* 367 Pa. at 298, 80 A.2d at 751.

The declaratory judgment entered by the lower court is vacated and the record is remanded for the entry of a declaratory judgment in accordance with this opinion.