424 A.2d 946

**George V. EDEL, Appellant,**

v.

**George A. EDEL.**

Superior Court of Pennsylvania.

Argued June 10, 1980.

Filed Jan. 16, 1981.

552

Bernard J. McLafferty, Norristown, for appellant.

Alison Douglas Knox, Philadelphia, for appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

HESTER, Judge:

Appellant George V. Edel brings this appeal from an order of the court below dismissing his exceptions to the Chancellor's findings of fact and conclusions of law. At issue is the proper construction of a 1964 deed conveying a parcel of land to appellant and to several of his relatives.

Prior to January 20, 1964, appellant and his sister Regina M. Edel were the sole owners of a piece of commercial property located at Kensington and Torresdale Avenues in Philadelphia. On January 20, 1964, the premises were transferred by deed of gift to appellant, his sister Regina, his brother Joseph and Joseph's wife Marianne Ryan Edel. The allocation of unequal, undivided interest among the four grantees appears in the deed in the following language:

(an undivided one-fifth interest or moiety to vest in the said George V. Edel, singleman, and another undivided one-fifth interest or moiety to vest in the said Regina M. Edel, singlewoman; and the remaining undivided three-fifth interest or moiety to vest in the said Joseph Edel and Marianne Ryan Edel, his wife, as tenants by the entireties).

All of the named grantees in the deed, with the exception of appellant George V. Edel, are now deceased. His sister Regina died testate on February 18, 1969, naming as her sole heir her brother, the appellant. Marianne Ryan Edel died on February 17, 1972, and her husband Joseph died on January 19, 1973. The appellee, George A. Edel, is the only child and heir of Joseph Edel and executor of his estate. After the death of his father, George A. Edel collected all of the rents from the subject property and remitted 40% of the net rent to appellant retaining 60% for himself. On January 5, 1976, appellant filed the instant equity action seeking to enjoin his nephew, appellee, from recovering any rents or interfering with appellant's efforts to collect the rents from the property. Appellant contended that as the sole survivor of the original grantees he takes the entire fee by the right of survivorship and that the appellee has no cognizable interest in the realty. The chancellor, after hearing testimony and receiving exhibits, made findings of fact, conclusion of law, and filed an opinion and decree nisi dismissing the complaint on August 23, 1979. Exceptions were dismissed by final decree and this appeal followed.

Appellant argues that the deed of January 20, 1964 conveyed the property in three shares: 1) to himself, a one-fifth interest; 2) to Regina, a one-fifth interest; 3) to Joseph and Marianne Edel, husband and wife, a three-fifths interest. Appellant contends that his sister and he held their one-fifth shares as joint tenants with the right of survivorship; that Joseph and Marianne Edel held their three fifths shares as tenants by entirety; and that, as among the three co-tenancies, there was a right of survivorship. While appellee is willing to concede the first two propositions, he is unwilling

to concede the third, contending that, as between appellant and the Joseph/Marianne Edel estate by entirety, there was only a tenancy in common with no right of survivorship. We agree with the court below that appellee's construction of the deed is correct.

■ Initially, it is appropriate to observe that the hallmark distinguishing the joint tenancy from the tenancy in common is the right of survivorship, ("jus accrescendi"). Thus, on the death of a joint tenant, the entire estate goes to the survivor or survivors free from the claims of the heirs or creditors of the deceased co-tenant. In a tenancy in common, on the other hand, when one co-tenant dies, his interest descends or passes by will to his heirs or devisees; the remaining co-tenants acquire no additional interest in such an estate. Ladner, Conveyancing in Pennsylvania, §§ 1.06, 1.07 (1979); 20 Am.Jur.2d, Cotenancy and Joint Ownership § 3 et seq. The creation and continued existence of a joint tenancy depends upon the co-existence of the four unities. " 'The interests of joint tenants are equal. They own the half or part and the whole, per my et per tout. There is a unity of interest, title, time, and possession.' " *Estate of Kotz*, 486 Pa. 444, 458, 406 A.2d 524, 531 (1979), quoting *Cochrane's Estate*, 342 Pa. 108, 111, 20 A.2d 305, 307 (1941); see also, *Yannopoulos v. Sophos*, 243 Pa.Super. 454, 365 A.2d 1312 (1976). By contrast, a tenancy in common need only contain the unity of possession. *Frederick v. Southwick*, 165 Pa.Super. 78, 67 A.2d (1949); 14 P.L.E. Estates in Property, § 21; Powell on Real Property, §§ 601, 615 (1979).

Although at early common law the creation of joint tenancies was favored, American Law of Property, § 6.1 (Casner, Ed., 1952), courts of the United States have generally been opposed to the creation of such estates, the presumption being that all tenants hold jointly as tenants in common unless a clear intention to the contrary is shown. 20 Am. Jur.2d, Cotenancy and Joint Ownership, § 12; *Zomisky v. Zamiska*, 449 Pa. 239, 296 A.2d 722 (1972). By statute in

555

Pennsylvania,[1] the incident of survivorship of joint tenancies is abolished unless the instrument creating the estate expressly provides that such incident should exist. *Estate of Michael*, 421 Pa. 207, 218 A.2d 338 (1966); *Margarite v. Ewald*, 252 Pa.Super. 244, 381 A.2d 480 (1977).

Since the passage of the Act of 1812, the question of survivorship has become a matter of intent (*Maxwell v. Saylor*, 359 Pa. 94, 58 A.2d 355 (1948)); and in order to engraft the right of survivorship on a co-tenancy which might otherwise be a tenancy in common, the intent to do so must be expressed with sufficient clarity to overcome the statutory presumption that survivorship is not intended. *Isherwood v. Springs First Nat. Bank*, 365 Pa. 225, 74 A.2d 89 (1950); *Mardis v. Steen*, 293 Pa. 13, 141 A. 629 (1928). But it is also true that no particular form of words is required to manifest such an intention: *Pennsylvania Bank & Trust Company v. Thompson*, 432 Pa. 262, 247 A.2d 771 (1968), and *Maxwell v. Saylor*, supra. *Zomisky*, supra, 449 Pa. at 242, 296 A.2d at 723.

In the instant case, appellant apparently concedes that a joint tenancy between the appellant/Regina estate and the Joseph/Marianne Edel estate was not created since an essential unity, unity of interest, was lacking.[2] Appellant and his

1. Act of March 31, 1812, P.L. 259, 5 Sm.L. 395, § 1 (68 P.S. § 110) provides:

> If partition be not made between joint tenants, whether they be such as might have been compelled to make partition or not, or of whatever kind the estates or thing holden or possessed be, the parts of those who die first shall not accrue to the survivors, but shall descend or pass by devise, and shall be subject to debts, charges, curtesy or dower, or transmissible to executors or administrators, and be considered to every other intent and purpose in the same manner as if such deceased joint tenants had been tenants in common: Provided always, That nothing in this act shall be taken to affect any trust estate.

2. As between appellant and Regina, all parties seem to suggest that a joint tenancy with the right of survivorship existed. It is not necessary to decide this question since, as we have noted, Regina named appellant as her sole heir. Further, there is no quarrel with the fact that Joseph and Marianne Edel took their three-fifths interest as tenants by the entireties. Not only does the deed expressly provide as much, but the Act of 1812 has been interpreted not to apply to a

sister each held one-fifth share while the Edel's share was three-fifths. "Unity of interest [means] that the joint tenants must have identical interests . . . as to the share of the common property . . . [O]ne could not have one-fourth interest and the other three-fourths." American Law of Property, supra, § 6.1. Since a joint tenancy clearly did not obtain, the statutory presumption of a tenancy in common must prevail.

■ Appellant contends, however, that the statute and cases allow him to annex a right of survivorship to an estate which is otherwise a tenancy in common, even in the absence of one of the essential unities, if the intent to do so is expressed in the deed.[3] Such a property interest, were we to sustain appellant's position, would constitute a new, hybrid type of estate not heretofore recognized in this Commonwealth: it would not be a joint tenancy, because there is no unity of interest; nor would it be a tenancy in common since it would carry a right of survivorship. We do not think the law of Pennsylvania countenances the creation of a right of survivorship upon a tenancy in common of unequal interests.

Whenever our courts have sanctioned the engrafting of a right of survivorship upon a co-tenancy, thus overcoming the statutory presumption, the co-tenants have always held "one and the same interests, accruing by one and the same conveyance, commencing at one and the same time, and held by one and the same possession." *Kotz*, supra, quoting Blackstone's Commentaries. In other words, the co-tenancy conveyed was otherwise ripe for the engrafting of a survivorship right and creation of a joint tenancy, and it merely remained for the court to examine the language of the instrument to determine if the right of survivorship was intended "with sufficient clarity." *Estate of Michael*, supra,

conveyance to husband and wife. *Margarite*, supra. "[W]hen property, real or personal, is placed in the names of husband and wife without more, a tenancy by the entireties is presumed to have been created." 252 Pa.Super. at 248, 381 A.2d at 482.

**3.** As indicia of his intent, appellant directs us to several places in the deed specifying the realty is to be conveyed to the grantees and to the "survivor" of them.

421 Pa. 207, 212, 218 A.2d 338, 341 (1966). See, e. g. *Lafayette v. Brinham*, 363 Pa. 360, 69 A.2d 130 (1949) (conveyance to father and son; held, joint tenancy created, the court specifically noting "the four unities were present"); *Frederick v. Southwick*, supra, (conveyance to husband and reputed wife; held, joint tenancy and right of survivorship created, the court noting the essential co-existence of the four unities); *Maxwell v. Saylor*, 359 Pa. 94, 58 A.2d 355 (1948) (conveyance to man and reputed wife; held, joint tenancy and right of survivorship created, the court noting such an estate is "per my et per tout"); *Zomisky v. Zamiska*, supra (conveyance to father and son; held, joint estate created; all unities manifestly present); *Pennsylvania Bank & Trust Co. v. Thompson*, 432 Pa. 262, 247 A.2d 771 (1968) (conveyance to two brothers; same). Thus, our courts have never found a right of survivorship to exist where the essential unities historically tied to a joint tenancy have not also been present. Indeed, in *Walker's Estate*, 340 Pa. 13, 16 A.2d 28 (1940), the Court refused to find a right of survivorship where the essential unities of title and time were lacking, despite other language in the deed indicating survivorship was desired. Though *Walker* concerned a purported tenancy by the entirety, and not a joint tenancy, the unities of time, title, interest, and possession are essential ingredients of both. *Southwick*, supra; Powell, supra, § 620. Although some jurisdictions are apparently willing to permit a right of survivorship where that intent is clearly set forth in the instrument, even though one or more of the unities are absent,[4] we are not inclined to embrace such a radical departure from a long and clear line of authorities in this Commonwealth.[5]

**4.** See, Anno. 1 A.L.R.2d 247.

**5.** It is also instructive to note that whenever property has been conveyed to a married couple and to a third party, the tendency in Pennsylvania has been to find "that the one-half interest of the married couple, although held by the entireties as between themselves, [is] held in common in relation to the interest of" the third party. *Margarite v. Ewald*, supra, 252 Pa.Super. at 244, 381 A.2d at 483; *Heatter v. Lucas*, 367 Pa. 296, 80 A.2d 749 (1951). Today we do no more than adhere to that trend.

■ "It is basic property law that a 'right of survivorship' is not associated with a 'tenancy in common' ". *Margarite*, supra, 252 Pa.Super. at 244, 381 A.2d at 481. Accordingly, we can only agree with the court below that appellant's share of the property was held as a tenancy in common with the estate in entirety held by Joseph and Marianne Edel. There was no right of survivorship.

Judgment affirmed.