595 A.2d 1322

**Rita RICCELLI, Executrix of Estate of Sam Riccelli, Appellant,**

**v.**

**Richard FORCINITO.**

Superior Court of Pennsylvania.

Argued May 7, 1991.

Decided Sept. 4, 1991.

630

Nancy Winkler, Philadelphia, for appellant.

Debra L. Mazen, Philadelphia, for appellee.

Before ROWLEY, P.J., and CIRILLO and JOHNSON, JJ.

CIRILLO, Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County. We reverse.

Appellant Rita Riccelli ("Riccelli"), Executrix of the Estate of Sam Riccelli, deceased, filed an action in equity seeking a court order requiring appellee Richard Forcinito ("Forcinito") to vacate the premises at 2840 Nautilus Road, Philadelphia, Pennsylvania, and to pay rent due from 1985 to the present. Riccelli also sought an order enjoining Forcinito from committing waste on the property.

Riccelli and the decedent were married in 1966. The decedent died testate on November 8, 1987, leaving the property on Nautilus Road to his wife. However, in 1962, four years before Riccelli and the decedent were married, the property was purchased by the decedent and Carmen Pirozek ("Carmen") as tenants by the entireties with the right of survivorship. The decedent and Carmen were not married at the time of the purchase, nor did they marry thereafter.

Carmen resided in the Nautilus Road home from the time it was purchased until the time of her death in 1984. During that time, Carmen paid all the utility bills, tax bills, home insurance payments, and home improvement costs on the premises. Carmen made all mortgage payments from

1966 until her death, and thereafter her children made all mortgage payments.

On May 30, 1987, six months before his death, the decedent had the deed for the property transferred from "Sam Riccelli, widower," to Sam Riccelli in his own right. Forcinito, Carmen's son, is currently residing at the property and has resided there since 1985.

On May 16, 1989, a hearing was held before the Honorable Nicholas D'Alessandro. Judge D'Alessandro issued findings of fact and conclusions of law, and entered an order disposing of the action in equity and denying Riccelli's motion for a permanent injunction. The court found that the tenancy by the entireties intended by Sam Riccelli and Carmen failed because they were not legally married, and therefore they held the property by joint tenancy. *See Bove v. Bove*, 394 Pa. 627, 149 A.2d 67 (1959); *DeLoatch v. Murphy*, 369 Pa.Super. 255, 535 A.2d 146 (1987). The court then determined that Sam Riccelli's marriage to Rita severed the joint tenancy between Sam Riccelli and Carmen, and thereafter the owners held the property as tenants in common. The court concluded, therefore, that Forcinito owed no rent to Riccelli. The court also found that Riccelli benefitted from the accrued equity in the home, and therefore Carmen's estate was entitled to reimbursement for Sam Riccelli's share of the mortgage payments, utility payments, and home improvement payments.

Post-trial motions were filed and thereafter Judge D'Alessandro issued amended conclusions of law, announcing that:

> The Estate of Carmen Pirozek is entitled to reimbursement for that share of the mortgage, utility and home improvement payments which Sam Riccelli would have been obligated to pay as a tenant in common with Carmen Pirozek. *See, e.g., Fascione vs. Fascione*, 272 Pa.Super. 530, 416 A.2d 1023 (1979), (Husband was entitled to reimbursement for the amount of wife's portion of mortgage payment on marital domicile notwithstanding the fact that husband had retained exclusive possession of

property for himself since mortgage payments would increase equities of both parties).

As it has been determined that the Estate of Carmen Pirozek and the Estate of Sam Riccelli are *joint owners as tenants in common,* Plaintiff is not entitled to back rents from defendant for his occupancy of the property which is the subject of the dispute.

(emphasis added).

On appeal, Riccelli raises the following issues for our review:

1.  Whether the [trial] court erred in finding that the joint tenancy with right of survivorship that Sam Riccelli and Carmen Pirozek held in 2840 Nautilus Road, Philadelphia, Pennsylvania was severed when Sam Riccelli married Rita Riccelli?

2.  Whether the [trial] court erred in denying plaintiff/appellant rent due from defendant/appellee for the period of time during which defendant/appellee occupied 2840 Nautilus Road, Philadelphia, Pennsylvania?

3.  Whether the [trial] court erred in finding that Carmen Pirozek's estate is entitled to reimbursement for that share of mortgage, utility, and home improvement payments that Sam Riccelli would have been obligated to pay as a tenant in common?

4.  Whether the [trial] court erred in denying plaintiff/appellant's motion for a permanent injunction enjoining defendant/appellee from committing waste to the property and ordering defendant/appellee to vacate the property known as 2840 Nautilus Road, Philadelphia, Pennsylvania?

■ Our scope of appellate review in equity matters is narrow. We are limited to determining whether the findings of fact are supported by competent evidence, whether an error of law was committed, or whether there was a manifest abuse of discretion. *Alderfer v. Pendergraft,* 302 Pa.Super. 210, 214, 448 A.2d 601, 603 (1982).

It is well established that seisin by the entireties is limited to grantees who are husband and wife. *Maxwell v. Saylor,* 359 Pa. 94, 58 A.2d 355 (1948); *Masgai v. Masgai,* 460 Pa. 453, 333 A.2d 861 (1975); *Frederick v. Southwick,* 165 Pa.Super. 78, 67 A.2d 802 (1949). Two people who are not married to one another cannot hold title to land as tenants by the entireties; marriage, in addition to the unities of time, title, interest and possession, is an essential ingredient of such an estate. *Masgai,* 460 Pa. at 457, 333 A.2d at 863. Here, Sam Riccelli and Carmen, who were not husband and wife, did not hold title to an entireties estate, despite the language in their deed of purchase. *Maxwell,* 359 Pa. at 96, 58 A.2d at 356.

In *Maxwell, supra,* our supreme court was presented with this issue. There, Raymond Maxwell and Emma Saylor purchased property in Montgomery County, taking title in the name of Raymond "Maxwell and Emma Maxwell, his wife," as "tenants by the entireties." Maxwell and Emma Saylor were not married. When Maxwell died, his wife and daughter filed an action in equity for partition, claiming that Maxwell and Emma Saylor were tenants in common, and therefore the wife and daughter were entitled to an undivided one-half interest in the property. The supreme court disagreed, and stated:

> It is true, of course, that Maxwell and Emma Saylor, even though she was designated in the deed as Mrs. Maxwell, could not take title as tenants by the entireties, since that type of seisin is limited to grantees who are legally husband and wife. But it was held in *Thornton v. Pierce,* 328 Pa. 11, 194 A. 897, 899, that although a deed under such circumstances is ineffective to create a tenancy by the entireties it is not wholly invalid, there being no reason why the grantees, like any other two persons, cannot take title in some form of dual ownership "appropriate under the circumstances."

359 Pa. at 96, 58 A.2d at 356. The appropriate form of tenancy is to be determined by the intention of the parties, "the ultimate guide by which all deeds must be interpret-

ed." *Hindman v. Farren,* 353 Pa. 33, 44 A.2d 241 (1945). *See also Isherwood v. Springs–First Nat. Bank in Cambridge Springs,* 365 Pa. 225, 74 A.2d 89 (1950); *Zomisky v. Zamiska,* 449 Pa. 239, 296 A.2d 722 (1972). In *Maxwell,* the court considered the grantees' declared intent, as evidenced by the language of the deed, and concluded that this declaration

> was equivalent to stating in so many words that they desired to establish a right of survivorship[;] ... joint tenancy with the right of survivorship best effectuates their intention to the extent legally permissible, that being the form of tenancy for unmarried persons most nearly resembling the tenancy by the entireties enjoyed by husband and wife, since in both instances the survivor takes the whole.

359 Pa. at 96, 58 A.2d at 356.

■ This principle is applicable to the case before us today. Sam Riccelli and Carmen Pirozek took title to the property in the name of "Sam Riccelli and Carmen Riccelli, his wife," as "tenants by the entireties," thus evidencing their intent to create a right of survivorship. *Id. See also DeLoatch v. Murphy,* 369 Pa.Super. 255, 535 A.2d 146 (1987) (a deed naming plaintiff, who was married to another, and defendant, with whom plaintiff was living at the time, as tenants by the entireties created a joint tenancy with right of survivorship); *Frederick, supra* (same); *cf. Teacher v. Kijurina,* 365 Pa. 480, 76 A.2d 197 (1950) (where no language evidencing intent to create a survivorship interest, i.e., no language indicating the form of the estate, appeared in the deeds, the deed operated to convey an estate of tenancy in common; distinguishing *Maxwell v. Saylor, supra); Estate of Bruce,* 372 Pa.Super. 16, 538 A.2d 923 (1988) (deeds conveying property to grantee and his "wife," although grantee and "wife" were not actually married, did not create a joint tenancy with right of survivorship but rather a tenancy in common where the deed did not express the form of estate and the clear expression of

intent to include a right of survivorship was thus lacking; distinguishing *Maxwell v. Saylor, supra* ).

Therefore, we agree with the trial court's initial finding that Sam Riccelli and Carmen held the estate as joint tenants with the right of survivorship. The language in the deed, which included the form of estate taken, "tenants by the entireties," was sufficiently specific to create a survivorship right. *See Maxwell, supra; DeLoatch, supra; Frederick, supra; see also American Oil Co. v. Falconer,* 136 Pa.Super. 598, 8 A.2d 418 (1939) (the intent necessary to establish survivorship as an incident of an estate held by joint tenants must be expressed with sufficient clearness to overcome the statutory presumption).[1]

---

**1.** At common law, the doctrine of survivorship was a recognized incident to a joint estate. *See American Oil Co. v. Falconer,* 136 Pa.Super. 598, 8 A.2d 418 (1939). The American doctrine, on the other hand, holds the creation of joint estates in disfavor and instead presumes that tenants hold as tenants in common, without the right of survivorship. *See Zomisky v. Zamiska,* 449 Pa. 239, 296 A.2d 722 (1972); *Pennsylvania Bank & Trust Co. v. Thompson,* 432 Pa. 262, 247 A.2d 771 (1968); *Margarite v. Ewald,* 252 Pa.Super. 244, 381 A.2d 480 (1977); *see also* Note, Important Differences Between American and English Property Law, 27 Temple L.Q. 45 (1953). This doctrine found expression in the legislature's enactment of Acts 1812, March 31, P.L. 259, 5 Sm.L. 395, § 1, which was later expressly saved from repeal by Acts 1972, June 30, P.L. 508, no. 164, § 3(b), effective July 1, 1972, and transferred to 68 P.S. § 110 in 1974. The act reads:

§ 110. Lands held by joint tenancy to descend as estates of tenants in common. .

If partition be not made between joint tenants, whether they be such as might have been compelled to make partition or not, or of whatever kind the estates or thing holden or possessed be, the parts of those who die first *shall not accrue to the survivors, but shall descend or pass by devise,* and shall be subject to debts, charges, curtesy or dower, or transmissible to executors or administrators, and be considered to every other intent and purpose in the same manner as if such deceased joint tenants had been tenants in common: Provided always, That nothing in this act shall be taken to affect any trust estate.

1812, March 31, P.L. 259, 5 Sm.L. 395, § 1 (emphasis added).

Notwithstanding the legislative presumption against the right of survivorship in joint tenancies, the doctrine of survivorship has not been wholly abolished. This incident may still exist when expressly provided for by deed or will or when it arises by necessary implication. *Arnold v. Jack's Executors,* 24 Pa. 57 (1854); *Sturm v. Sawyer,* 2 Pa.Super. 254 (1898); *Redemptorist Fathers v. Lawler,* 205 Pa. 24, 54 A. 487 (1903); *see also Maxwell, supra; Frederick, supra.*

A joint tenancy is severable by any action of the parties, voluntary or involuntary, which destroys one or more of its unities. *Estate of Kotz*, 486 Pa. 444, 406 A.2d 524 (1979); *Vargas v. Brinton*, 305 Pa.Super. 357, 451 A.2d 687 (1982); P.L.E. Estates in Property § 26. The effect of the severance is to make the parties tenants in common. *Hayes v. Stephenson*, 192 Pa.Super. 392, 161 A.2d 900 (1960). The trial court concluded as a matter of law that Sam Riccelli's marriage to Rita Riccelli severed the joint tenancy between Sam Riccelli and Carmen Pirozek. The court relied upon the case of *Shoup v. Shoup*, 469 Pa. 165, 364 A.2d 1319 (1976) to support this conclusion. For the following reasons we find that the trial court's reliance upon *Shoup* is misplaced, and its decision an error of law.

The facts and the issues presented to the supreme court in *Shoup* are not reconcilable with those in the instant case. In *Shoup*, the parties, James Shoup and Donna Shoup, were married. They purchased property following their marriage by conveyance to them as tenants by the entireties. The parties were divorced in 1972, at which time they owned the property as tenants in common. James Shoup petitioned the court for partition of the property, and the court entered a decree of partition. Donna Shoup challenged the validity of the partition decree. On appeal, the supreme court vacated the partition decree, and held that the chancellor had erred in "entering a [partition] decree solely on the basis of the complaint and answer without having held an evidentiary hearing" and that "the chancellor in effect grant[ed] judgment on the pleadings in favor of the plaintiff[-husband]." *Id.*, 469 Pa. at 170, 364 A.2d at 1322. The supreme court stated that the chancellor's decision was based on the erroneous conclusion that the defenses which the wife had attempted to set up under new matter were not valid defenses to partition. *Id.*

Contrary to the trial court's interpretation, the supreme court's decision in *Shoup* does *not* stand for the proposition that a joint tenancy, established by virtue of the fact that the parties intended to create a right of survivorship but

were not legally married, *see Maxwell, supra,* is severed when one of the cotenants marries. There is no precedent or support for this declaration. . Moreover, the fact that the cotenants are male and female cannot alter our conclusion, and should not confuse the issue.

It is, of course, the law of this Commonwealth that a tenancy by the entireties is severed upon divorce, and the parties' continued joint ownership becomes that of a tenancy in common.  23 Pa.C.S. § 3507;[2] *Sterrett v. Sterrett,* 401 Pa. 583, 166 A.2d 1 (1960); *Barale v. Barale,* 282 Pa.Super. 213, 422 A.2d 1082 (1980).  However, this doctrine has no application to the facts before us.  Sam Riccelli's marriage could not sever the joint tenancy because marriage is not a necessary unity for the creation of a joint tenancy.  *Compare Cochrane's Estate,* 342 Pa. 108, 20 A.2d 305 (1941) *with Frederick, supra.*  Sam Riccelli's marriage did not destroy any of the four unities of a joint tenancy—time, title, interest and possession, *see Yannopoulos v. Sophos,* 243 Pa.Super. 454, 365 A.2d 1312 (1976), and therefore had no effect on Sam Riccelli's and Carmen's relationship as joint tenants.

In summary, the trial court's conclusion that the joint tenancy was severed by Sam Riccelli's marriage to Rita Riccelli was erroneous.  Upon Carmen's death in 1984, the property vested in Sam Riccelli as the surviving tenant.  *See Philadelphia & R.R. Co. v. Lehigh Coal & Navigation Co.,* 36 Pa. 204 (1860); *see also In re Brose's Estate,* 416 Pa. 386, 206 A.2d 301 (1965).  Any claims by the executrix for rents due from Forcinito, if any, during his occupancy since Carmen's death must be determined on remand.  In

**2.** § 3507.  Division of entireties property between divorced persons.  (a) General rule.—Whenever married persons holding property as tenants by entireties are divorced, they shall, except as otherwise provided by an order made under this chapter, thereafter hold the property as tenants in common of equal one-half shares in value and either of them may bring an action against the other to have the property sold and the proceeds divided between them.

\*　　\*　　\*　　\*　　\*　　\*

23 Pa.C.S. § 3507(a).  *See* 68 P.S. § 501 (repealed, 1990, Dec. 19, P.L. 1240, No. 206, § 6).

making this determination, the trial court may consider Forcinito's mortgage, utility, and tax payments, as well as any necessary repairs or expenses attributable to Forcinito during the relevant period of occupancy. *See Dech's Appeal,* 57 Pa. 467 (1868) (joint tenant was entitled to contributions from his cotenant for the expense of repairs necessary to the enjoyment of the property). We are confident that the trial court will work toward an equitable remedy.[3]

We reverse and remand for proceedings consistent with this opinion. Jurisdiction relinquished.

3. We have determined that appellant Rita Riccelli, Executrix of the Estate of Sam Riccelli, is the owner of the property in question. *A fortiori,* appellant is entitled to possession of the property. Therefore, we are not inclined at this interval to address the trial court's order denying appellant's request for injunctive relief enjoining Forcinito from committing waste on the property. Such action, in light of our disposition, is unnecessary. *See* Pa.R.C.P. 1576. *See also* 23 Standard Pennsylvania Practice 2d § 123:4 ("Waste is founded on privity of title, and where there is no privity of title, the injury is a mere trespass ... the destructive acts of a trespasser may not be enjoined by a proceeding to stay waste[.]")